IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDITH WALLS, by and through her guardian ad litem, MARGOT WALLS,<br><br>    Plaintiff,<br><br>  v.<br><br>EMERITUS CORPORATION, dba EMERITUS AT LAGUNA CREEK, EMERITUS MANAGEMENT, LLC, EMERITUS SENIOR LIVING CORP., and DOES 1 through 50, inclusive,<br><br>    Defendants. | 2:13-cv-00813-GEB-EFB<br><br>ORDER GRANTING MOTION TO REMAND |

  Plaintiff moves for an order remanding this case to the state court from which it was removed, arguing, *inter alia*, that Defendants' assertion in the notice of removal that diversity removal jurisdiction supports removal is untimely made and is unsupported. Plaintiff cites and quotes <u>Harris v. Bankers Life & Casualty Co.</u>, 425 F.3d 689, 694 (9th Cir. 2005), in support of her position, arguing that "[D]efendants had to demonstrate that they removed the case within thirty days of receiving a 'paper' . . . that revealed the case was removable." <u>Id.</u> The "paper" on which Defendants rely as justification for removal is referenced in the Notice of Removal, which was filed April 25, 2013, in Defendants' following contentions:

> Plaintiff's complaint does not state the amount of alleged damages in controversy for this case[; however, o]n April 10, 2013, Defendants' counsel wrote to Plaintiff's counsel requesting that Plaintiff stipulate by April 17, 2013 that she

1

> seeks damages less than $75,000. Plaintiff's counsel never responded to the letter, so Defendants filed this notice of removal within thirty days of ascertaining that the amount in controversy exceeds $75,000 . . . .

(Not. of Removal ¶ 6, ECF No. 2.) The referenced April 10, 2013 letter ("April 10 letter"), states in pertinent part:

> Please be advised that we are currently assessing the above-referenced matter and would like to reach a stipulation with regard to damages. . . . [W]e would like to stipulate with you that damages in this matter do not exceed $75,000. <u>Please respond by written correspondence with regard to whether you are amenable to such a stipulation on or before April 17, 2013</u>. If you are willing to stipulate, we are willing to coordinate ADR with a mediator that is mutually acceptable. If you are not amenable and you believe that this matter has value greater than $75,000, please let me know.

(Not. of Removal, York Decl., Ex. B.).

## I. LEGAL STANDARD

Removal based on diversity jurisdiction is only proper when a case originally filed in state court is between citizens of different states and the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a). "The removal statute is strictly construed against removal jurisdiction[, and] [t]he defendant bears the burden of establishing that removal is proper." <u>Provincial Gov't of Marinduque v. Placer Dome, Inc.</u>, 582 F.3d 1083, 1087 (9th Cir. 2009) (citations omitted) (citing <u>Syngenta Crop Prot., Inc. v. Henson</u>, 537 U.S. 28, 32 (2002)); <u>Cal. ex rel. Lockyer v. Dynegy, Inc.</u>, 375 F.3d 831, 838 (9th Cir. 2004)). "Where doubt regarding the right to removal exists, a case should be remanded to state court." <u>Matheson v. Progressive Specialty Ins. Co.</u>, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam).

The removant "must show that 'the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.'"

Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1116 (9th Cir. 2004) (quoting 28 U.S.C. § 1332(a)) (citing Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam); Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 403-04 (9th Cir. 1996)).

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3). Further, "when the complaint does not contain any specific amount of damages sought, the party seeking removal under diversity bears the burden of showing, by a preponderance of the evidence, that the amount in controversy exceeds the statutory amount." Lewis v. Verizon Comm'cns, Inc., 627 F.3d 395, 397 (9th Cir. 2010) (citing Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007)).

## II. DISCUSSION

Plaintiff argues, *inter alia*, that "[b]ecause Defendant[s] failed to meet [their] burden regarding the amount in controversy . . . , remand is proper." (Pl.'s Mem. of Pts. & Auth. in Supp. of Pl.'s Mot. to Remand 4:11-12, ECF No. 8.) Defendants counter that the amount in controversy requirement is met since "Plaintiff's counsel never responded to [the April 10 letter and that] Defendants filed [a] notice of removal within thirty days of ascertaining that the amount in controversy exceeds $75,000." (Not. of Removal ¶ 6.)

Since Plaintiff's complaint "does not contain any specific amount of damages sought," Defendants have "the burden of showing, by a preponderance of the evidence, that the amount in controversy exceeds the statutory amount." Lewis, 627 F.3d at 397. Defendants argue that the

amount in controversy requirement is satisfied by any of the following: (1) Plaintiff failed to respond to Defendants' April 10 letter, which provides sufficient evidence that the amount in controversy exceeds $75,000; (2) Plaintiff's special damages for medical expenses, general damages for pain and suffering, and punitive damages exceed $75,000; or (3) Plaintiff's claim for restitution (which Defendants calculate to be $34,535) coupled with her attorney's fees (which Defendants estimate will be at least $40,000) exceed $75,000.

Only Defendants' removal argument based on the April 10 letter is addressed since Defendants failed to provide evidence that the remainder of their removal arguments were timely made under 28 U.S.C. § 1446(b). "[S]ection 1446(b) identifies two thirty-day periods for removing a case. The first thirty-day removal period is triggered 'if the case stated by the initial pleading is removable on its face.'" Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 885 (9th Cir. 2010) (quoting Harris, 425 F.3d at 694). "The second thirty-day removal period is triggered if the initial pleading does not indicate that the case is removable, and the defendant receives 'a copy of an amended pleading, motion, order or other paper' from which removability may first be ascertained." Id. (quoting 28 U.S.C. § 1446(b)).

Defendants argue since they "offered to mediate [in the April 10 letter] if [Plaintiff] agreed that any settlement would not exceed $75,000 [and Plaintiff] refused, [there] is clear evidence that the amount in controversy exceeds $75,000." (Defs.' Opp'n to Pl.'s Mot. 1:28-2:1, ECF No. 15.)

Plaintiff counters that "Defendants' own observation that Plaintiff declined to respond to the proposed stipulation is unavailing since a declination to respond does not constitute a pleading or paper

4

1 | sufficient to give rise to diversity jurisdiction." (Pl.'s Reply
2 | 4:21-23, ECF No. 19.)

Since Defendants' attempt "to force [P]laintiff to enter a stipulation regarding the potential amount of damages" does not constitute "a copy of an amended pleading, motion, order or other paper" within the meaning prescribed in 28 U.S.C. § 1446(b), that attempt is insufficient to sustain Defendants' burden of establishing that the amount in controversy exceeded $75,000 at the time of removal. Conrad Assocs. v. Hartford Accident & Indem. Co., 994 F. Supp. 1196, 1199 (N.D. Cal. 1998) (citing Angus v. Shiley, Inc., 989 F.2d 142 (3d Cir. 1993)).

### III. CONCLUSION

For the stated reasons, Defendants have not that the amount in controversy exceeded $75,000 at the time of removal, and alternatively, the removal was untimely. Therefore, Plaintiff's remand motion is GRANTED, and this case is REMANDED to the Superior Court of California in the County of Sacramento.

Dated: August 28, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge